UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GONZALES, | ) | 1:07-cv-01543-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 1) |
| | ) | |
| KEN CLARK, Warden, | ) | ORDER TO FILE RESPONSE WITHIN |
| | ) | THIRTY DAYS |
| Respondent. | ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 23, 2007. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

## DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

1

1  The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a
2  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate
3  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-1042.

4    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
6  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
7  corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 325-327, 117 S.Ct.
8  2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other
9  grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed
10 after statute's enactment).  The instant petition was filed on   October 23,  2007, and thus, it is
11 subject to the provisions of the AEDPA.

12 The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
13 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
14 reads:

15   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The
16   limitation period shall run from the latest of –

17    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
18
19    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
20
21    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
22
23    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

24   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall
25   not be counted toward any period of limitation under this subsection.

26 28 U.S.C. § 2244(d).

27 In most cases, the limitation period begins running on the date that the petitioner's direct
28 review became final.  Here, judgment was rendered on April 17, 1997.  Petitioner was convicted

2

based upon a plea of guilty and the Court has been unable to find any record of an appeal. Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty days from April 17, 1997, or until June 16, 1997, within which to file a notice of appeal. Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Because it does not appear that Petitioner filed a notice of appeal, his direct review concluded on June 16, 1997, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year thereafter, or until June 16, 1998, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As discussed, the instant petition was filed on October 23, 2007, over nine years after the one-year limitations period had expired. Thus, the petition is untimely unless Petitioner is entitled to some kind of tolling of the limitations period.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker,

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  533 U.S. 167, 181-181, 121 S.Ct. 2120 (2001); Fail v. Hubbard, 272 F.3d 1133, 1134 (9th Cir.2001).

2  Here, Petitioner has alleged that he filed a state habeas petition in both the California Court of Appeal and the California Supreme Court.  (Doc. 1, p. 3).  The petition in the Court of Appeal was filed on April 23, 2007, and denied on May 3, 2007, while the petition in the high court was filed on May 14, 2007, and denied on September 19, 2007.  Further review by the Court of the California court system's electronic database indicates that Petitioner has filed numerous other state petitions, the earliest of which was filed on October 19, 2005 in the Court of Appeal and denied on October 28, 2005.  Thereafter, it appears that Petitioner filed no less than six other state habeas petitions, all of which were either denied or are still pending.

Petitioner's state habeas petitions, however, are not entitled to statutory tolling under the AEDPA.  A petitioner is not entitled to tolling where the limitations period has *already* run **prior to** filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on June 16, 1998, approximately seven and one-half years *before* Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

Even if, however, those petitions did entitle Petitioner to statutory tolling, it would appear that the petition is still untimely.  As mentioned, the period expired in 1998.  There is nothing in the record to indicate that Petitioner is entitled to tolling for that entire period of time.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006)(citing Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283 (9th Cir. 1997)).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner does not contend that equitable tolling applies here.

Thus, it appears to the Court that the instant petition is untimely by over seven years. However, in perhaps an excess of caution, the Court will permit Petitioner to present any further information regarding the issues discussed in this Order. If Petitioner has additional information that he has not supplied to the Court that he believes would entitle him to further statutory or equitable tolling, he may include that information in his response to this Order to Show Cause. If Petitioner is submitting additional information regarding his entitlement to statutory tolling, he should include the dates of filing and dates of decision, and the name of the courts, for any state habeas he has filed in connection with the 1997 conviction. If possible, Petitioner should also include photocopies of any decisions by those courts.

## ORDER TO SHOW CAUSE

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 23, 2008**                                  /s/ Theresa A. Goldner
                                                       UNITED STATES MAGISTRATE JUDGE