# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GONZALEZ, | ) | 1:07-cv-01543-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| KEN CLARK, Warden, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |

### PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on October 23, 2007.  (Doc. 1).  A preliminary review of the petition indicated that the petition was untimely and should therefore be dismissed.   Accordingly, on January 24, 2008, the Court issued an order to show cause why the petition should not be dismissed as untimely.  (Doc. 7).  Petitioner has not filed a response.

### DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed.  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir. 2001).

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on October 23,  2007, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on April 17, 1997.  (Doc. 1, p. 1).  Nothing in

the record indicates that Petitioner filed an appeal.  Pursuant to former Rule 31 of the California

Rules of Court, Petitioner had sixty days from the date of his conviction, or until June 16, 1997,

within which to file a notice of appeal.  People v. Mendez, 19 Cal. 4th 1084, 1094-1095, 969 P.2d

146 (1999).  Because Petitioner did not file a notice of appeal, his direct review concluded on June

16, 1997, when the sixty-day period for filing a notice of appeal expired.  Thus, Petitioner had one

year until June 16, 1998, in which to file his federal petition for writ of habeas corpus.  See Patterson

v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  As mentioned, the instant petition was not filed

until October 23, 2007, over nine years after the limitation period had expired.  Thus, unless

Petitioner is entitled to some form of tolling for that period of time, the petition is untimely and must

be dismissed.

   C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

   Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d

557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth

Circuit  reasoned that tolling the limitation period during the time a petitioner is preparing his

petition to file at the next appellate level reinforces the need to present all claims to the state courts

first and will prevent the premature filing of federal petitions out of concern that the limitation period

will end before all claims can be presented to the state supreme court.  Nino, 183 F. 3d at 1005.

However, the limitation period is not tolled for the time such an application is pending in federal

court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

---

[1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, the petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he filed state habeas petitions in the California Court of Appeal and the California Supreme Court. (Doc. 1, pp. 2-3). The petition filed in the California Court of Appeal was filed on April 23, 2007 and denied on May 3, 2007, while the petition filed in the

4

California Supreme Court was filed on May 14, 2007 and denied on September 19, 2007.  (Doc. 1, pp. 2-4, 25, 27).  A review of the California Courts' electronic database indicates that Petitioner has filed other state habeas petitions, the earliest of which was filed in the California Court of Appeal on October 19, 2005, and denied on October 28, 2005.[1]  Subsequently, Petitioner filed no less than six other state habeas petitions, all of which have been denied or are currently pending.

A petitioner is <u>not</u> entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 822 (9th Cir. 2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, as mentioned, the limitation period expired on June 16, 1998, but Petitioner did not file his first state habeas petition until October 19, 2005, almost seven years after the limitation period had expired.  Thus, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA.

D.  <u>Equitable Tolling</u>

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998)(citing <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1997)); <u>Calderon v. District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled in part on other grounds by</u> <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file

---

[1]  The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N. D. Cal.1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, is subject to judicial notice.

1  a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for

2  the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

3  <u>Id.</u>; <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

4       Here, Petitioner has made no claim of entitlement to equitable tolling, nor does the Court's

5  review of the current record disclose such an entitlement.  Since Petitioner is entitled to neither

6  statutory nor equitable tolling, the petition is untimely and must be dismissed.

7  **<u>RECOMMENDATIONS</u>**

8       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus

9  be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation

10  period.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304

13  of the Local Rules of Practice for the United States District Court, Eastern District of California.

14  Within twenty (20) days after being served with a copy, any party may file written objections with

15  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations."  The District Judge will then review the

17  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

18  to file objections within the specified time may waive the right to appeal the District Judge's order.

19  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21  IT IS SO ORDERED.

22  Dated:  **July 8, 2008**                               **/s/ Theresa A. Goldner**

23                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28