UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GONZALES,<br><br>            Petitioner,<br><br>   v.<br><br>KEN CLARK, Warden,<br><br>            Respondent. | 1:07-cv-01543-OWW-TAG HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>(Doc. 8)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On July 8, 2008, the Magistrate Judge assigned to the case filed a Findings and Recommendations recommending that the petition for writ of habeas corpus be DISMISSED because the Petition was not filed within the one-year time period provided for in 28 U.S.C. § 2244(d)(1). (Doc. 8).  The Findings and Recommendations was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order.  On July 28, 2008, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations.  (Doc. 9).

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections,

the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Petitioner objects that his claim pursuant to Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007) announced a new rule of law that should apply retroactively to his case. (Doc. 8). In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit concluded that Cunningham did not announce a new rule and thus was to be applied retroactively.  However, regardless of whether Cunningham is applicable to Petitioner on collateral review, Petitioner was nevertheless under a burden to file his claim within the AEDPA's one year limitation period.

As noted in Cunningham, the U.S. Supreme Court decisions in Apprendi,[1] Blakely,[2] and Booker[3] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. Cunningham, 549 U.S. at 306.  Thus, Petitioner was on notice as early as 2000, when Apprendi was decided, that he had a claim regarding the constitutionality of his sentence.  Since Petitioner did not file his first state habeas corpus petition until April 23, 2007, several years after the last of those three cases was decided, Petitioner cannot rationally contend that the one-year limitation period had not already expired before he commenced his first state habeas proceeding.  Thus, the Magistrate Judge's reasoning is correct and the petition is untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued July 8, 2008 (Doc. 8), is ADOPTED IN FULL;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as untimely; and

3. The Clerk of Court is DIRECTED to ENTER JUDGMENT for Respondent and close the file.

This order terminates the action in its entirety.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).

[3] U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

IT IS SO ORDERED.

**Dated:  August 14, 2008**                          **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE