# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GONZALES,<br><br>    Petitioner,<br><br> v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | 1:07-cv-01543-OWW-BAK-GSA HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br>(Doc. 12) |

  Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

  On July 8, 2008, the United States Magistrate Judge issued Findings and Recommendations to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1).  (Doc. 8). On July 28, 2008, Petitioner timely filed objections to the Magistrate Judge's Findings and Recommendations.  (Doc. 9).  On August 15, 2008, the Court adopted the Findings and Recommendations and entered judgment dismissing the petition.  (Docs. 10 & 11).  On January 16, 2009, Petitioner filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), contending that he had been incarcerated in administrative segregation immediately prior to the issuance of the Findings and Recommendations and was only released

1

back into the general prison population shortly after those Findings and Recommendations were issued and that the Court should have considered the Ninth Circuit's ruling in Butler v. Curry, 528 F.3d 624, 633-639 (9th Cir. 2008), which held that Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), one case in a line of cases that form the legal basis for Petitioner's claim, did not announce a new rule of law and therefore was applicable retroactively.  (Doc. 12).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In the present case, the Court finds Petitioner has presented no new or different facts or circumstances from those that existed at the time he filed his objections to the Magistrate Judge's

Findings and Recommendations. Regarding Petitioner's implied claim that because of his detention in administrative segregation he was unable to adequately respond to the Court's concerns expressed in the Findings and Recommendations, Petitioner's position is entirely undermined by the fact that he actually did timely file his objections to the Findings and Recommendations and the Court took those objections into consideration before adopting the Findings and Recommendations and entering judgment.

Petitioner appears to be under the misapprehension that the final order in this case was the Magistrate Judge's Findings and Recommendations. However, the Findings and Recommendations are not a final order; rather, it is the U.S. District Judge's order adopting those Findings and Recommendations that is the final order that terminates the case. Here, Petitioner had adequate time to research and timely file his objections to the Findings and Recommendations prior to the Court's issuance of the order adopting those Findings and Recommendations. Accordingly, Petitioner's detention in administrative segregation could not have had any prejudicial effect on Petitioner's rights in these proceedings.

Regarding the <u>Cunningham</u> issue that is central to Petitioner's motion for reconsideration, the Court considered the retroactivity of <u>Cunningham</u> in its order adopting the Findings and Recommendations, and concluded that the retroactive application of <u>Cunningham</u> did nothing to cure the untimeliness of the petition.

As discussed in the Findings and Recommendations, the one-year limitation period commences on the latest of one of the four dates set forth in § 2244(d)(1). Normally, that date would be the date Petitioner's conviction became final. § 2244(d)(1)(A). However, the statute of limitations may also commence upon the removal of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." § 2244(d)(1)(B). The record does not suggest, and Petitioner does not contend, that any such impediment ever existed or that it was subsequently removed. Accordingly, that date is inapplicable.

Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of limitations. Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or

through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); see United States v. Pollard, 416 F.3d 48, 55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(d)(1)(D)).  Here, Petitioner plainly knew, or should have known, by June 16, 1997, the date the one-year period commenced, the existence of the "important facts" on which he bases his Cunningham claim, i.e., that his enhanced sentence was based in part on facts not submitted to a jury and proven beyond a reasonable doubt.  That Petitioner may not have been aware of the legal significance of these predicate facts is irrelevant.  The running of the statute of limitations does not await illuminating advice, legal research, or the issuance of judicial decisions that help would-be petitioners to recognize the legal significance of particular predicate facts.  See id.

Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." Presumably, Petitioner implicitly contends in his motion for reconsideration that this date applies by virtue of the Supreme Court's 2007 decision in Cunningham that California's Determinate Sentencing Law was unconstitutional.

Section 2244(d)(1)(C), however, is inapplicable to Cunningham because the United States Supreme Court has not held that Cunningham constitutes both (1) a new rule and (2) a rule retroactively applicable to cases on collateral review.  To the contrary, the Ninth Circuit, in Butler, 528 F.3d at 633-639, held that Cunningham did *not* announce a new rule.  In that case, the Ninth Circuit clarified that the Cunningham decision was compelled by Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether his conviction became final before Blakely, not Cunningham, was decided.  Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi,[1] Blakely,[2] and Booker[3] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied).

Apprendi, Blakely, and Booker have been determined to be new rules, but not retroactive on collateral review, thereby not satisfying the second requirement.[4] Cunningham has now been determined by the Ninth Circuit to apply retroactively to cases on collateral review, but is not a new rule, thereby not satisfying the first requirement. Butler, 528 F.3d at 639.

Hence, contrary to Petitioner's implicit contention, the alternative start date contained in subsection (C) for the one-year limitation period in Petitioner's case is not implicated by any of the applicable federal case law. Accordingly, the commencement of the statute of limitations here is governed by the "usual" starting date contained in subsection (A). This conclusion is consistent with the great majority of federal district courts in this circuit who have addressed this issue. E.g., Martinez v. Hedgepeth, 2008 WL 3154689, at *4 (E.D. Cal. Aug. 4, 2008)(because Cunningham was not a new rule, subsection C is inapplicable); Thomas v. Yates, 2008 WL 4177608, at *2 (E.D. Cal. Sept. 4, 2008)(same); Bell v. Adams, 2008 WL 4722564, at *3 (C.D. Cal. Oct. 23, 2008)(same); Collett v. Salazar, 2008 WL 4601463, at *2 (C.D. Cal. Oct. 14, 2008)(same); Taylor v. Vasquez, 2008 WL 23022, at *2-3 (C.D. Cal. Oct. 21, 2008)(same); Schuller v. Horel, 2008 WL 3914171, at *1 n.2 (C.D. Cal. Aug. 25, 2008)(same); Pimental v.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

[2] Blakely held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

[4] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005)(Apprendi not retroactive); U.S. v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002)(same); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

<u>Almager</u>, 2008 WL 2757075, at *3 (C.D. Cal. July 14, 2008)(same).[5]

As discussed in the Magistrate Judge's Findings and Recommendations, using subsection (A) as the starting date inexorably leads to a conclusion that the petition was filed over nine years *after* the one-year period expired.  Since Petitioner's motion for reconsideration presents no newly discovered evidence suggesting otherwise, nor does it in any other fashion satisfy the high standards of Rule 60(b), the motion for reconsideration must be denied.

Accordingly, the Motion for Reconsideration (Doc. 12) is DENIED.

IT IS SO ORDERED.

**Dated:   September 4, 2009**            /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE

---

[5] The Court has been unable to find a district court case that reaches a different conclusion than those cited herein.